CLARENCE MARTIN v. THE STATE.

No. 16599. Delivered April 4, 1934.

The opinion states the case.

*Hosea L. Edwards,* and *Jack Varner,* both of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

There appears in the record but one bill of exceptions, which brings forward complaint of the fact that a deputy sheriff of Nacogdoches County was asked on direct examination by the State:—"Did you have any information at that time as to any activity of this defendant on that afternoon," to which question objection was made by appellant for the reasons advanced as follows: "Any information that the witness may have had would be hearsay as to the defendant, being the action and

statement of some third party not in the presence or hearing of the defendant, would not be binding on the defendant, prejudicial and highly inflammatory to his rights," which objections were overruled and the witness testified as follows: "We had information that Clarence Martin was going to bring a gallon of whiskey to the Harris house to sell to some one at six o'clock that afternoon." It is certified that the question of search or probable cause was not an issue. The testimony for the State and appellant is in a condition of direct conflict, the State claiming that appellant was observed with a package in his arms, which was investigated and found to contain whiskey. The place where he was was not that of his residence or where he stayed. He had just gotten out of a car and was going toward the Harris house with the package in his arms, which the State claimed contained whiskey. Appellant and his witnesses claimed that it contained clothing, one Gibson testifying that appellant had a shirt and a pair of trousers in a sack, and told witness he was going down to the Harris house to carry same. Appellant's wife testified that appellant was carrying a package containing a shirt and a pair of trousers to said house at the time he was confronted by the officers. We regret the necessity for reversing this case upon the proposition of the admission of this improper testimony, and especially in view of the fact that it appears from the statement of facts that said question was elicited from the deputy sheriff in the absence of the jury. However, the bill of exceptions contains the direct statement as follows:

"Which objections were overruled by the court, and the witness did testify before the jury as follows:"

It is the rule of this court that when there is a conflict between the statement of facts and a bill of exceptions, the latter will govern and be taken to be correct.

For the error mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*